# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **PAUL C. THOMPSON, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:16CV00452 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **H. W. CLARKE, UNITED STATES,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondents. | ) | |

*Paul C. Thompson, Jr., Pro Se Petitioner.*

The petitioner, Paul C. Thompson, Jr., a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his federal term of confinement. After review of the record, I must summarily dismiss the Petition.[1]

I.

Thompson is currently serving Virginia state prison sentences imposed in 2007 by the Circuit Court for Henrico County and in 2009 by the Circuit Court for the City of Virginia Beach. Thompson is also subject to a federal detainer, based on a sentence of imprisonment imposed in 2008 by the United States District Court

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), "[i]f it plainly appears from the [face of a § 2241] petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

for the Eastern District of Virginia in Case No. 4:07-cr-00032-RAJ-HEB-1. The federal court imposed Thompson's federal sentence to run concurrently with the sentences imposed by the Henrico County Circuit Court. Thompson claims that he completed the nonconcurrent portions of his state term of confinement on October 20, 2015 and that he remains wrongfully confined at Red Onion State Prison, a facility operated by the Virginia Department of Corrections ("VDOC"). Thompson states that he has not filed any administrative remedy regarding the execution of his federal sentence.

Thompson filed this § 2241 petition in September 2016, contending that state and federal officials have failed to ensure that he receives proper federal sentence credit for the prison time he has served since October 20, 2015. Specifically, Thompson asserts that federal officials should have executed the detainer and transferred him to federal prison in October 2015 so that he could receive concurrent credit for his state and federal sentences, as the federal court intended. He also claims that officials' failure to arrange this transfer violated the terms of his federal Plea Agreement by improperly altering the concurrent portion of his federal sentence to make it consecutive to his state time.[2] As relief,

---

[2] Thompson also alleges that the Virginia Beach Circuit Court imposed a sentence of twelve years, with part of the sentence to run consecutive to his Henrico County sentences and the remainder to run concurrent with his federal sentence. He claims that federal officials, "by failing to execute a detainer and taking custody of Thompson, effectively alter[ed] a Virginia Circuit Court sentencing order from concurrent to a

Thompson asks this court to order execution of the federal detainer and provide him with credit against his federal sentence for his time served in state prison since October 20, 2015.[3]

II.

A district court lacks jurisdiction to grant an inmate credit against his criminal sentence for jail time served. *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989). It is the Attorney General, through the federal Bureau of Prisons ("BOP"), who is responsible for administering a federal inmate's sentence and computing the credit to be given for the inmate's prior custody. *United States*

---

consecutive sentencing order, resulting in the extension of time actually to be served beyond that intended." (Pet. 11, ECF No. 1.) He also contends that Virginia officials have held him in state custody "without a valid and lawful sentencing order" since October 20, 2015. (*Id.* at 12.) These allegations do not state any viable claim under § 2241. To the extent that Thompson seeks to challenge the execution of his state term of confinement, such a claim must be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, following exhaustion of state court remedies, rather than in a § 2241 petition. *In re Wright*, 826 F.3d 774, 783 (4th Cir. 2016) (holding that "when a prisoner being held pursuant to the judgment of a State court files a habeas petition claiming the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States, the more specific § 2254 and all associated statutory requirements shall apply, regardless of the statutory label the prisoner chooses to give his petition" (internal quotation marks omitted)). Therefore, I must summarily dismiss Thompson's § 2241 claims to the extent that they challenge the execution of his Virginia term of confinement in any respect.

[3] Thompson also demands an award of $300 for every day he has served or will serve beyond the terms of confinement intended by the state and federal sentencing courts. It is well established that the purpose of a habeas corpus petition "is not to redress civil injury, but to release the applicant from unlawful physical confinement." *Allen v. McCurry*, 449 U.S. 90, 104 (1980). Therefore, I will summarily dismiss Thompson's claims for monetary damages related to his term of incarceration.

*v. Wilson*, 503 U.S. 329, 334 (1992) (interpreting 18 U.S.C. § 3585(b)). BOP regulations contain detailed procedures and guidelines for calculating the appropriate credit each prisoner must receive for jail time served. *Id.* at 335. An inmate may seek administrative review of the BOP's computation of his prior custody credits, and after exhaustion of such administrative remedies, he may also seek judicial review. *Id.*

As stated on the face of his Petition, Thompson has not yet sought to resolve his issues regarding his federal sentence calculation by pursuing administrative remedies with the BOP. As such, his petition is premature and must be summarily dismissed.

Moreover, Thompson's challenge to the calculation of his federal sentence is premature for another, more basic reason. When an inmate is subject to sentences imposed by two different sovereigns, such as federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence or sentences imposed by that sovereign have been satisfied. *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (citing *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)); *United States v. Smith*, 812 F. Supp. 368, 370 & n.2 (E.D.N.Y. 1993) (observing the general rules that "the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration" and that "jurisdiction continues until the first sovereign relinquishes

its priority by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence" (citations omitted)). "Generally, a federal sentence does not commence until a prisoner is delivered to the federal institution designated by the BOP." *United States v. Miller*, 49 F. Supp. 2d 489, 493 (E.D. Va. 1999). At this time, Virginia retains primary custody over Thompson. Nothing in the record indicates that federal authorities will begin to calculate his federal term of confinement before he enters federal custody at the expiration of his state sentences. As such, he has no viable, current challenge to the calculation of his federal sentence.

### III.

For the stated reasons, I conclude that Thompson's § 2241 petition must be summarily dismissed without prejudice. Once he has been released from the custody of Virginia authorities and transferred to the custody of federal authorities, he may raise his current arguments about the calculation of his federal term of confinement through appropriate administrative remedies available to federal prisoners. If he is dissatisfied with the administrative disposition of his issues after he has exhausted such remedies, he may then pursue a § 2241 petition regarding his federal term of confinement.

A separate Final Order will be entered herewith.

          DATED: October 28, 2016

          /s/ James P. Jones
          United States District Judge